**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL ERIC MOTEN,

    Defendant-Appellant.

No. 03-3370
(D.C. No. 02-CR-40065-JAR)
(D. of Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **HENRY**, Circuit Judge.[**]

In an indictment filed on May 22, 2002, Michael Eric Moten (the defendant), was

charged with possessing a Glock brand Model 19, 9mm semi-automatic pistol, after

having been convicted of a crime punishable by imprisonment for a term exceeding one

year, and being an unlawful user of, and addicted to, a controlled substance, in violation

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]This case was scheduled for oral argument on October 1, 2004. However, on September 10, 2004, the appellant filed a motion to vacate that setting, which was granted. The case was then submitted on the briefs.

of 18 U.S.C. § 922(g).  Prior to trial, defendant filed a motion to suppress evidence obtained in a search of his home in Topeka, Kansas, on February 7, 2002.  On August 18, 2003, the district court held a hearing on the motion and ruled orally from the bench, denying the motion.  In a trial to a jury, the defendant was convicted as charged, and on December 11, 2003, he was sentenced to imprisonment for 51 months.  Defendant appeals his conviction and the sentence imposed thereon.  The only issue raised on appeal is that the district court erred in denying defendant's motion to suppress.  We find no error, and therefore affirm.

The warrant authorizing the search of defendant's home was issued at about 8:00 p.m. on February 7, 2002, by a Kansas state judge on a request made by officers of the Topeka Police Department. The validity of that warrant is not an issue in this appeal. Rather, the defendant only challenges the execution of the warrant, arguing that it was unreasonable under the Fourth Amendment.  By its terms, the warrant was to be executed "immediately."  The warrant was executed by the officers about two hours after its issuance, i.e., at about 10:00 p.m. on February 7, 2002.  Just prior to their entry into the defendant's house, the officers conducted a one-hour pre-raid surveillance and noticed lights in the house being turned "off and on."

At the hearing on the motion to suppress, two officers of the Topeka Police Department who participated in the search testified, and the defendant called one witness, his wife, Rhonda.  At the conclusion of the hearing, the district court announced her

ruling from the bench. She denied defendant's motion to suppress, and, in so doing, stated that she believed the officers' testimony regarding the circumstances surrounding their entry into defendant's home. In this regard, the officers testified that they first simply knocked on the door, several times, said nothing, and no one answered their knock. Getting no response, about ten seconds later, they knocked again, said nothing, and again no one answered their knock. Their testimony was that about ten seconds later, they knocked "much harder" and shouted "Police Department. Search warrant." Again, no one responded. So, five to eight seconds later, they knocked again, quite "heavily" and stated that they were police with a warrant. Again, getting no response, some five to eight seconds later, the officers broke the door with a steel ram and were met at the door by defendant's wife, Rhonda, with the defendant following closely behind. In her order, denying the motion to suppress, the district court spoke as follows: "I think it's reasonable to conclude and I do conclude that the officers did in fact knock and announce as they said they did because we're talking about a relatively short period of time, just a minute."

Rhonda's testimony was that she and the defendant were in the rear of the house and did not hear the officers' initial knocks. (Their three children were, at that time, in bed.) According to Rhonda, they finally did hear someone knocking at their door and by the time they got to the front door, the officers had broken in. In the ensuing search of the premises, the officers found traces of drug contraband, drug paraphernalia, and the

firearm which was the basis for the present charge.

As stated, the defendant does not challenge the validity of the warrant. Rather, his only contention is that the officers acted "unreasonably" in their execution of the warrant, and, in so doing, violated his Fourth Amendment rights.

On appeal from the denial of a motion to suppress, we review the district court's findings of fact for clear error, viewing the evidence in a light most favorable to the government. However, the district court's conclusions of law, i.e., whether, in our case, the search was "reasonable" under the Fourth Amendment, we review *de novo*. *United States v. Gallegos,* 314 F.3d 456, 458 (10th Cir., 2002), *United States v. Maden,* 64 F.3d 1505, 1508 (10th Cir. 1995), and *United States v. Little,* 60 F.3d 708, 712 (10th Cir. 1995). The touchstone of the Fourth Amendment is whether the officers in question acted in a reasonable manner. *United States v. Gutierrez-Daniez,* 131 F.3d 939, 941 (10th Cir. 1997).

In *United States v. Knapp,* 1 F.3d 1026 (10th Cir. 1993), DEA agents, armed with a search warrant, knocked three times on the door of the house to be searched and announced that they were "DEA. We've got a warrant. Open the door." After getting no response for "10 to 12 seconds, the officers broke the door down with a battering ram." On review, we held that the officers did not violate the "knock and announce rule" by waiting only 10 to 12 seconds without a response before breaking in the front door. In our case, the officers knocked four separate times, one after the other, without getting any

response, before they broke the door.

In *United States v. Jenkins,* 175 F.3d 1208, 1215 (10th Cir. 1999), we held that a break in to execute a search warrant was reasonable where the officers "waited at least fourteen and up to twenty seconds from the time they first knocked and announced until they applied force to the interior door of Ms. Payne's residence."

Counsel suggests that in a recent case, *United States v. Banks*, 540 U.S. 31 (2003), the Supreme Court cast doubt on the rationale of such cases as *Knapp* and *Jenkins.* On the contrary, we believe that *Banks* supports our prior decisions. In *Banks,* the officers executed a search warrant, waiting 15 to 20 seconds after they had "loudly knocked" on the door of the premises to be searched and, getting no response, forcibly entered the premises. Under such circumstances, the Supreme Court in *Banks* held that the search was "reasonable" under the Fourth Amendment.

The fact that the present search was conducted at 10:00 p.m. does not dictate a contrary result. Night searches are not unreasonable, per se. In their pre-raid surveillance, the officers noticed lights being turned "off and then on" in the house, indicating persons in the house were still "up." In any event, the reasonableness of a search is to be determined by <u>all</u> the facts and circumstances of the case. A night-time execution of a search warrant is one, of many, factors to be considered in connection with a determination as to whether the search is reasonable. *United States v. Gibbons,* 607 F.2d 1320, 1326 (10th Cir. 1979). Our search was reasonable.

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge